### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CLENDON CANNON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) Case No. CIV-07-1145-F |
| | ) |
| FORTIS INSURANCE COMPANY, now known as TIME INSURANCE COMPANY, HEALTH ADVOCATES ALLIANCE, and JARRED MCALVAIN, | ) ) ) ) ) |
| | ) |
| Defendants. | ) |

### ORDER

Before the court is defendant, Time Insurance Company's Amended Motion to Conduct Jurisdictional Discovery and to Stay Response to Plaintiff's Motion to Remand, filed November 7, 2007 (doc. no. 24). Upon due consideration of the parties' submissions, the court makes its determination.

Plaintiff, Clendon Cannon ("Cannon"), originally commenced this action in the District Court of Oklahoma County, State of Oklahoma. Cannon filed an Amended Petition on July 20, 2007, alleging four claims: (a) breach of contract against defendant, Time Insurance Company, f/k/a Fortis Insurance Company ("Time"); (b) breach of implied covenant of good faith and fair dealing against Time; (c) civil conspiracy against Time and defendant, Health Advocates Alliance ("HAA"); and (d) negligence against defendant, Jarred McAlvain ("McAlvain"). On October 11, 2007, within thirty days of service of process, Time filed a Notice of Removal, removing the action to this court on the basis of diversity of citizenship jurisdiction. In the notice,

Time asserted that McAlvain, the only non-diverse defendant, was fraudulently joined in the action and that his citizenship should be disregarded in determining the propriety of removal of the action.  *See*, Notice at p. 4.  According to Time, Cannon has no possibility of recovery against McAlvain because his negligence claim is barred by the applicable two-year statute of limitations.  *Id*. at p. 5.  Time asserts that the basis of Cannon's negligence claim against McAlvain in the Amended Petition is that McAlvain failed to obtain the insurance coverage he knew Cannon wanted – specifically, insurance which would cover claims relating to treatment of pre-existing conditions.  *Id*. at p. 5 and p. 6.  Time asserts, however, that Cannon was put on notice by the Medical Certificate issued and mailed by Time on June 21, 2005 that pre-existing conditions were specifically excluded from coverage.  *Id*. at p. 7.  Because Cannon did not commence the action until June 29, 2007, over two years after the Medical Certificate was issued and mailed, Time asserts that Cannon's negligence claim is clearly barred by the statute of limitations.  *Id*.

On October 26, 2007, Cannon filed a Motion to Remand.  In the motion, Cannon states that Time "has incorrectly stated Plaintiff's claims against Defendant McAlvain."  *See*, Motion at p. 5.  Cannon states the basis of his claim against McAlvain is as follows:

> On or about October 6, 2006, Plaintiff contacted Defendant McAlvain to discuss his change of bank account which would effect the automatic debit payment of his premium . . . Defendant McAlvain instructed Plaintiff to make premium payments to McAlvain to avoid his policy lapsing for non-payment . . . Plaintiff was assured that making direct premium payments to a Fortis agent was standard procedure and was allowed by Fortis.  Plaintiff made the payment to McAlvain and despite McAlvain's assurance, Plaintiff's health insurance allegedly lapsed. McAlvain reported to Plaintiff while he was in the hospital that his claim was sent to supplemental underwriting due to an alleged lapse in coverage for non-payment.

2

> Obviously, Defendant McAlvain's negligence which resulted in the alleged lapse of Plaintiff's coverage is actionable. Further, since these events transpired in October, 2006, there is no statute of limitations defense.

*Id.* The facts recited by Cannon are set forth in an affidavit attached as Exhibit 2 to his motion.

Prior to the deadline for responding to Cannon's motion, Time filed the instant motion. Time asserts that because Cannon, in his motion, has alleged a completely different factual basis for his negligence claim that stated in the Amended Petition, it needs to conduct jurisdictional discovery to fully and completely respond to Cannon's motion. Time requests that it be allowed to serve written discovery on Cannon and depose Cannon as to the relationship between Cannon and McAlvain and the factual basis for the claim as now alleged. Time also requests leave to serve a subpoena duces tecum on Cannon's bank and to obtain discovery from McAlvain, if necessary. Time further requests forty-five days to conduct the discovery and thirty days following completion of the discovery to respond to Cannon's motion.

Cannon objects to the motion. Cannon contends that Time's request would require a Fed. R. Civ. P. 26(f) conference, a joint status report, a discovery plan and a status and scheduling conference when the court's jurisdiction has not been determined. He contends that a finding that jurisdiction exists is required before the court can compel the parties to produce documents or witnesses or resolve discovery disputes. Cannon asserts that Time has created the jurisdictional dilemma by filing its notice prematurely without researching the issues prior to removal. In addition, Cannon asserts that he has established a viable claim and discovery as to the merits of his claim is clearly unwarranted as he has satisfied the standard for remand. Cannon contends that Time is attempting, under the guise of jurisdictional discovery,

to conduct discovery as to the merits of all of his claims and that Time improperly seeks to require Cannon to prevail on his claims before jurisdiction can be determined.

Time, in reply, states that no Rule 26(f) conference, discovery plan or status report is required for it is only seeking jurisdictional discovery.  Time asserts that it is only seeking discovery on plaintiff's negligence claim as now alleged.  It is not seeking to conduct discovery on the merits of all of plaintiff's claims.  In addition, Time asserts that Cannon is attempting to evade proper removal by introducing a new set of operative facts and that if the court should decide that these facts may be considered, Time should be allowed to conduct discovery as to the new set of operative facts.  Further, Time asserts that its notice was not prematurely filed.  Time contends that its removal was proper because the only claim alleged against McAlvain was clearly time-barred.

As noted by Time in its notice and by Cannon in his motion, in cases where fraudulent joinder is claimed, the Tenth Circuit has directed the court to "pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." Dodd v. Fawcett Publ'ns, Inc., 329 F.2d 82, 85 (10th Cir. 1994).  Cannon, by attaching and relying upon an affidavit setting forth factual allegations not specifically contained in the Amended Petition, in essence requests the court to consider matters outside the Amended Petition to determine the propriety of removal.  Because Cannon is submitting evidence outside the Amended Petition in support of remand, the court concludes that Time as well as HAA, in response to Cannon's motion, should have the opportunity to discover and submit evidence relating to the factual allegations that were not specifically set forth in the Amended Petition.

The court declines to preclude Cannon from relying upon the referenced factual allegations supporting his negligence claim against McAlvain.  Time has not cited and

the court has not found authority from the Tenth Circuit that would preclude the consideration of these factual allegations, in light of Time's allegation of fraudulent joinder.  Moreover, Time, with its motion, has sought leave to conduct discovery to address these factual allegations and has made no effort to challenge Cannon's reliance upon the factual allegations until its reply brief.

"[A] fraudulent joinder analysis [is] a jurisdictional inquiry." Albert v. Smith's Food & Drug Ctrs., Inc., 356 F.3d 1242, 1247 (10th Cir. 2004).  It appears to the court that the discovery Time requests is limited to the jurisdictional inquiry.  No Rule 26(f), discovery plan or status conference is required in order to conduct discovery for the jurisdictional inquiry.  The court shall therefore permit Time, as well as HAA (having adopted Time's motion), to conduct the discovery requested by Time in its motion.  Both parties shall be given the requested forty-five days to complete the discovery.  However, any response to Cannon's motion by Time and HAA will be due within eighteen days after completion of the discovery period.

The court is mindful that it is not to "pre-try" doubtful issues of fact to determine removability and that the fraudulent joinder issue must be capable of summary determination and be proven with complete certainty. Dodd, 329 F.2d at 85.  The court, nonetheless, concludes that Time and HAA should have the opportunity to conduct discovery involving the factual allegations made by Cannon which were not specifically set forth in the Amended Petition.

Accordingly, defendant, Time Insurance Company's Amended Motion to Conduct Jurisdictional Discovery and to Stay Response to Plaintiff's Motion to Remand, filed November 7, 2007 (doc. no. 24), is **GRANTED**.  Defendants, Time Insurance Company and Health Advocates Alliance, shall have 45 days from the date

of this order to conduct the discovery set forth in Time's motion.  Defendants shall respond to plaintiff's Motion to Remand within 18 days thereafter.

DATED this 29th day of November, 2007.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

07-1145p004(pub).wpd