**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| CLENDON CANNON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) Case No. CIV-07-1145-F |
| | ) |
| FORTIS INSURANCE COMPANY, | ) |
| now known as TIME INSURANCE | ) |
| COMPANY, HEALTH ADVOCATES | ) |
| ALLIANCE, and JARRED | ) |
| McALVAIN, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the court is plaintiff's motion to remand this case to the state court from which it was removed by defendant Time Insurance Company ("Time")(doc. no. 21). In support of the motion, plaintiff asserts that defendant Time cannot meet its heavy burden of proving fraudulent joinder of defendant Jarred McAlvain ("McAlvain"), who is an Oklahoma resident. Plaintiff further asserts that he has a negligence claim against defendant McAlvain, who was an insurance agent for Fortis Insurance Company, now known as defendant Time, which defendant Time cannot show is barred by the applicable two-year statute of limitations. Plaintiff requests that he be awarded his attorney's fees and costs incurred "in defending against the improper removal in this action." Motion to Remand at p. 8. After jurisdictional discovery was taken in this case upon defendant Time's request, plaintiff supplemented his motion to remand with facts adduced at his deposition. *See* plaintiff Clendon Cannon's Supplement in Support of Plaintiff's Motion to Remand (doc. no. 42).

On February 1, 2008, defendants Time and Health Advocates Alliance ("HAA") both filed responses to plaintiff's motion, as supplemented (doc. nos. 43 and 44). Defendant HAA asserts that whether removal was proper must be determined based upon the allegations in the plaintiff's complaint as they existed at the time of removal and not upon plaintiff's attempt to recast his allegations to assert a claim for negligence or negligent misrepresentation in connection with the lapsing or reinstatement of plaintiff's policy, as opposed to negligence or negligent misrepresentation in connection with the procurement of an insurance policy for plaintiff. Defendant Time makes the same argument and further argues that there is no possibility that plaintiff can recover against defendant McAlvain for negligence in obtaining an insurance policy because any failure in that regard would have occurred more than two years before June 29, 2007, when plaintiff filed his state court petition and is, therefore, barred by the statute of limitations. However, even if the court were to consider plaintiff's second or third alternative theories of negligence, defendant Time asserts that there is no possibility that plaintiff can recover because he admitted at his deposition that his own actions or inactions, not defendant McAlvain's, caused the policy to lapse, and that plaintiff cannot show any action or inaction or breach of duty by defendant McAlvain which caused plaintiff's insurance not to be reinstated and plaintiff to be without insurance coverage. This is so, defendant Time asserts, because it is undisputed that reinstatement following a lapse in coverage for failure to timely pay a premium was subject to, *inter alia*, defendant Fortis', now Time's, approval of a request for reinstatement, *see* plaintiff's Certificate of Insurance (Exhibit 6 to defendant Time's response) at p. 9; *see also* plaintiff's Reinstatement Enrollment Application (Exhibit 5 to defendant Time's response), so Plaintiff's reinstatement was not within defendant McAlvain's control. Defendant Time further asserts that plaintiff cannot show that anything defendant McAlvain did or did not do or anything

he said or did not say was the proximate cause of plaintiff's damages because defendant Time, not defendant McAlvain, was the decisionmaker responsible for approving or disapproving plaintiff's reinstatement application, and in this case, offering plaintiff reinstatement conditioned upon his agreeing to the two riders excluding coverage for medical expenses associated with plaintiff's shoulder surgeries and/or pancreatitis.

Plaintiff filed a reply brief (doc. no. 45), reurging arguments made in his prior briefs and specifically pointing to the fact that defendant McAlvain told plaintiff when plaintiff filled out the reinstatement application and gave McAlvain a voided check that plaintiff had health insurance, citing his deposition testimony (exhibit 2 to plaintiff's reply at pp. 20-21). Defendant Time then filed a surreply (doc. no. 49), reiterating previous arguments and pointing out that by the terms of plaintiff's Certificate of Insurance and Reinstatement Application McAlvain had no power to bind defendant Time to reinstatement of plaintiff's policy. Moreover, even if that had been the case, defendant Time states that the appropriate inquiry is whether "by the agent's fault, insurance is not procured as promised and the insured suffers a loss," surreply at p. 4, quoting Rotan v. Farmers Insurance Group of Companies, Inc., 83 P.3d 894, 895 (Okla. Civ. App. 2003) and Slover v. Equitable Variable Life Insurance Co., 443 F.Supp.2d 1272, 1281 (N.D. Okla. 2006). Defendant further points out that plaintiff has not addressed how defendant McAlvain's negligence could have been the cause of any of plaintiff's claimed damages.

Defendant Time, which with the consent of defendant HAA, removed this case to federal court asserting that diversity of citizenship exists because defendant McAlvain is fraudulently joined, has the heavy burden of demonstrating that that

he said or did not say was the proximate cause of plaintiff's damages because defendant Time, not defendant McAlvain, was the decisionmaker responsible for approving or disapproving plaintiff's reinstatement application, and in this case, offering plaintiff reinstatement conditioned upon his agreeing to the two riders excluding coverage for medical expenses associated with plaintiff's shoulder surgeries and/or pancreatitis.

Plaintiff filed a reply brief (doc. no. 45), reurging arguments made in his prior briefs and specifically pointing to the fact that defendant McAlvain told plaintiff when plaintiff filled out the reinstatement application and gave McAlvain a voided check that plaintiff had health insurance, citing his deposition testimony (exhibit 2 to plaintiff's reply at pp. 20-21). Defendant Time then filed a surreply (doc. no. 49), reiterating previous arguments and pointing out that by the terms of plaintiff's Certificate of Insurance and Reinstatement Application McAlvain had no power to bind defendant Time to reinstatement of plaintiff's policy. Moreover, even if that had been the case, defendant Time states that the appropriate inquiry is whether "by the agent's fault, insurance is not procured as promised and the insured suffers a loss," surreply at p. 4, quoting Rotan v. Farmers Insurance Group of Companies, Inc., 83 P.3d 894, 895 (Okla. Civ. App. 2003) and Slover v. Equitable Variable Life Insurance Co., 443 F.Supp.2d 1272, 1281 (N.D. Okla. 2006). Defendant further points out that plaintiff has not addressed how defendant McAlvain's negligence could have been the cause of any of plaintiff's claimed damages.

Defendant Time, which with the consent of defendant HAA, removed this case to federal court asserting that diversity of citizenship exists because defendant McAlvain is fraudulently joined, has the heavy burden of demonstrating that that

defendant's joinder was fraudulent.[1]  *See* Montano v. Allstate Indemnity, No. 99-2225, 2000 WL 525592 at *1 (10th Cir. Apr. 14, 2000) (unpublished).[2]  To establish that joinder is fraudulent, defendant Time must demonstrate that there is no possibility that plaintiff would be able to establish a cause of action against defendant McAlvain in state court.  *Id.*  If a cause of action or claim against the non-diverse defendant is possibly viable, plaintiff's motion to remand must be granted.  *See id.*, Montano v. Allstate Indemnity, 2000 WL 525592 at *2.

In determining whether joinder of defendant McAlvain is fraudulent, all disputed issues of fact and ambiguities in controlling law must be resolved in favor of plaintiff.  *See id.* at *1.  However, in making that determination, the court may pierce the pleadings, consider the entire record and determine the basis of joinder by any means available.  Smoot v. Chicago, Rock Island and Pacific Railroad Co., 378 F.2d 879, 882 (10th Cir. 1967).  Factual issues involved must be capable of summary determination.  *Id.*  In other words, defendant McAlvain's non-liability must be established with complete certainty upon undisputed evidence for the court to conclude that he was fraudulently joined.  *Id.*  Otherwise, plaintiff's motion to remand must be granted.

Although the court agrees that removability of a case is to be assessed based upon the complaint or petition as it existed at the time of removal, *see* St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938), the court concludes that plaintiff's negligence theory, plaintiff's Supplement

---

[1] The court notes that the term "fraudulent" joinder is a bit of a misnomer.  Although the standard is stringent, actual fraud need not be found.  *See*, Mayes v. Rapoport, 198 F.3d 457, 461 n. 8 (4th Cir. 1999).  The issue, rather, is whether the claim against the nondiverse party is hopelessly lacking in merit – a condition which can, and often does, exist even in the absence of a fraudulent pleading.

[2] Montano is an unpublished decision cited as persuasive pursuant to 10th Cir. R. 32.1.

at p. 5, that defendant McAlvain "failed to obtain full reinstatement of his health insurance policy with Fortis [now Time]," falls within the allegations in his amended petition filed July 20, 2007, *i.e.*, ("Defendant failed to reasonably and prudently solicit, sell and/or issue the subject policies so as to clearly obtain and document the insurance coverage he knew plaintiff intended to obtain," Amended Petition at Count IV, ¶ 55). The court further concludes that defendant Time has not met its heavy burden of demonstrating that defendant McAlvain was fraudulently joined to this action. The court cannot say, resolving all disputed issues of fact and ambiguities in controlling law, that there is no possibility that plaintiff would be able to establish a cause of action against defendant McAlvain under his pleadings in state court. Because defendant Time has failed to show that defendant McAlvain's inclusion in this action constitutes a fraudulent joinder, defendant McAlvain's non-diverse status bars removal of this action and remand is thus required.

Therefore, plaintiff's Motion to Remand (doc. no. 21) is **GRANTED**. The above-entitled action is remanded to the District Court for Oklahoma County, Oklahoma.

DATED March 5, 2008.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

07-1145p011(pub).wpd